BARNET KASHDAN, Respondent, v. WILKER REALTY CO., INC., and WILLIAM H. KIRCHNER, Appellants.

First Department, July 1, 1921.

**Process — action for malicious abuse of process — issuance of final warrant in summary proceedings to dispossess.**

The gravamen of an action for the malicious abuse of process is the willful using of the process, civil or criminal, for a purpose not justified by law and to effect an object not within its proper scope.

Accordingly, there was no abuse of process by the issuance of a warrant in summary proceedings, where it appeared that the defendant herein instituted summary proceedings to dispossess the plaintiff herein; that the plaintiff appeared in said proceeding and tendered and paid into court the amount of rent prior to the increase thereof; that the plaintiff defaulted in appearing at the trial and the final order was issued in favor of the landlord but the issuance of the warrant was stayed for two weeks; that the proceeding was not discontinued or the balance of rent paid, though the plaintiff sent the defendant the increased rent for the second month but refused to pay the increase for the first month, whereupon the defendant returned the rent received for the second month.

APPEAL by the defendants, Wilker Realty Co., Inc., and another, from a judgment of the County Court of Bronx county in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 26th day of October, 1920, upon the verdict of a jury, and also from an order, entered in said clerk's office on the 17th day of November, 1920, denying defendants' motion for a new trial made upon the minutes.

*Edgar Hirschberg,* for the appellants.

*Philip E. Uhr,* for the respondent.

PAGE, J.:

This is an action for damages for malicious abuse of process. The landlord of No. 1537 Fulton avenue raised the rent of his tenants, about thirty in number, two dollars per month from October 1, 1919. The tenants held a meeting and decided not to pay. Thereupon the landlord instituted dispossess proceedings against nineteen tenants, of whom the plaintiff was one, returnable on October 6, 1919. On October sixth the plaintiff appeared and paid into court twenty-five dollars, the amount of the rent which had been paid for the preceding month, and the case was set for trial on October 14, 1919, at which time the tenant defaulted, and final order was issued in favor of the landlord, but the issuance of the warrant was stayed until November 1, 1919.

The deposit of the twenty-five dollars in court was a concession that such amount was due, and the question to be tried was whether two dollars more was due. By granting the final order the court held that twenty-seven dollars and

not twenty-five dollars was due, as rent, which had not been paid. There is no evidence in this case that the proceeding had been discontinued, or this balance of rent paid. The warrant was issued from a court having jurisdiction, for a cause authorized by law, and was used to enforce the final order of the court which directed it to issue, namely, to remove the tenant and put the landlord in possession. There was no malicious abuse of process.

The gravamen of an action for abuse of process is the willful using of the process, civil or criminal, for a purpose not justified by law and to effect an object not within its proper scope. (*Foy* v. *Barry*, 87 App. Div. 291, 294, HATCH, J.; *Assets Collecting Co.* v. *Myers, No. 1,* 167 id. 133, 138, CLARKE, J.; *McClerg* v. *Vielee,* 116 id. 731, 733.)

The defendant moved at the close of the plaintiff's case and renewed the motion at the close of the entire case to dismiss upon the specific grounds that the plaintiff had failed to prove facts sufficient to constitute a cause of action, that the plaintiff had failed to establish that there had been any abuse of process, that the plaintiff had failed to establish the element of intentional wrongdoing or a wanton attempt to pervert the processes of the law from their proper use and design, and excepted to the denial of the motion. The motion should have been granted.

The plaintiff claims that he sent a money order for the November rent at the increased rate on November 7, 1919, which was Friday; that the following Tuesday the defendant called and asked for the two dollars due on the October rent, which the plaintiff refused to pay. The defendant then tendered back twenty-seven dollars, and on the plaintiff's refusal to accept it laid it on the table beside him and left. The case of *Crawford* v. *Waters* (46 How. Pr. 210), upon which respondent relies, was not a payment of rent for a subsequent month. But the money was paid into court for the purpose of redeeming the tenancy after forfeiture. The amount was not sufficient to cover the amount in arrears, but the landlord received the money and kept it. The court held that the tenant undertook *bona fide* to redeem the demised premises, and by accepting and retaining the amount the landlord affirmed the existence of the lease. The case is clearly dis-

tinguishable from the case at bar. The tenant concedes that he did not pay or tender the balance due on the October rent.

The judgment should be reversed, with costs to the appellant, and the complaint dismissed, with costs.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.