HARRY LICHTER, Respondent, *v.* INTERWOVEN STOCKING COMPANY, Appellant, Impleaded with GEORGE E. WANDERMAN, Defendant.

Second Department, December 31, 1931.

*William Jacobs,* for the appellant.

*Benjamin H. Wicksel,* for the respondent.

SCUDDER, J. Defendant has appealed from an order denying its motion to dismiss the complaint on the ground that the complaint fails to state a cause of action as against it. Plaintiff seeks damages, alleging in his complaint that the present defendant brought a prior action against the present plaintiff for goods sold and delivered, and therein maliciously issued the summons.

It is also alleged that in the former action the facts alleged were false and without foundation in law; that after filing such summons " a publication circulated the information that an action had been instituted by the defendant, Interwoven Stocking Company, as plaintiff against Harry Lichter, as defendant;" that plaintiff's credit was thereby injured.

No action brought for damages upon misuse of process can be sustained in the case of actions in contract for the sale of goods. The plaintiff in such case, however, does not escape a penalty by way of costs.

" 'As to the result of an abuse of process that will support an action, it seems that there must be either an injury to the person or to property. Mere indirect injury to a person's business or to his good name is not sufficient.' " (*Assets Collecting Co.* v. *Myers, No. 1,* 167 App. Div. 133, 138.)

Civil actions for abuse of the court's process may be brought in some instances, as, for instance, where a party " wrongfully and willfully sues out an execution on a judgment which he knows

has been paid." (*Paul* v. *Fargo*, 84 App. Div. 9, 14.) "If the person be not arrested or his property seized," the only penalty is by way of costs. (*Mayer* v. *Walter*, 64 Penn. St. 283, 289.)

Unless defendant has been " arrested without cause and deprived of his liberty, or made to suffer other special grievance different from and superadded to the ordinary expense of a defence," the only penalty is the assessment of costs. (*Bitz* v. *Meyer*, 40 N. J. Law, 252, 254.)

The above-stated principle is also the law in England. (*Quartz Hill Gold Mining Co.* v. *Eyre*, L. R. 11 Q. B. Div. 674.)

The action of which plaintiff complains may have been based upon false charges, maliciously made, still the aggrieved party would have no right of action for libel or slander. (*Moore* v. *Manufacturers' Nat. Bank*, 123 N. Y. 420.)

For these reasons we think the order should be reversed on the law, with ten dollars costs and disbursements, and the motion to dismiss the complaint as to defendant Interwoven Stocking Company granted, with ten dollars costs.

LAZANSKY, P. J., CARSWELL, TOMPKINS and DAVIS, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion to dismiss complaint as to defendant Interwoven Stocking Company granted, with ten dollars costs.