ROBERT THOMAS MILLER, Respondent, *v.* WALTER T. STERN, Appellant, Impleaded with MARGUERITE KIRMSE COLE, Defendant.

First Department, May 9, 1941.

*John R. Hawthorne* of counsel [*Stern & Hawthorne*, attorneys], for the appellant.

*Robert L. Bobrick*, for the respondent.

COHN, J. This is an action for abuse of process brought against Walter T. Stern, an attorney, and Marguerite Kirmse Cole, his client. It arises out of a previous suit for conversion brought by Marguerite Kirmse Cole through her attorney Walter T. Stern against Alexander Crane and the plaintiff herein.

The complaint in the present action alleges that Cole was the client of defendant Stern and that Crane was plaintiff's client; that notwithstanding the fact that defendant Stern knew that plaintiff's only connection with the controversy involved in the Cole suit was that of attorney for Crane, said defendant, acting in conspiracy with his client Cole, made this plaintiff a defendant in the Cole suit and obtained therein an *ex parte* order for this plaintiff's examination before trial, pursuant to section 1094-a of the Civil Practice Act for the following purposes: (a) To obtain confidential matters and communications which had been revealed to plaintiff by his client, this confidential information being sought by the defendant Stern for use in the controversy between Cole and Crane; (b) to harass the plaintiff and coerce him into recommending to his client, Alexander Crane, an unjust settlement of the litigation; (c) to destroy plaintiff's usefulness as attorney for his client and his usefulness as an officer of this court. The manner in which it is claimed that plaintiff was damaged as a result of the alleged wilful misuse of the legal process by defendants is as follows: (1) Plaintiff was compelled to retain counsel to defend the action; (2) he was compelled to retain other counsel for his client Alexander Crane; (3) he was compelled to reveal privileged communications made to him by his client; (4) his usefulness as an attorney for his client and as an officer of the court in defense of his client was destroyed; (5) he was compelled to spend time and effort to resist an unfounded claim, and (6) he was put to great trouble and expense and was humiliated and forced to submit to a lengthy examination before trial, all to his damage in the sum of $10,000.

That plaintiff was compelled to retain counsel to defend the action and to retain counsel for his own client; that he was put

to trouble and expense in resisting an unfounded claim; that his usefulness as an attorney for his client and as an officer of the court in defense of his client was destroyed, were all incidents and annoyances which frequently accompany the ordinary lawsuit. It has repeatedly been held that the mere institution of a civil action which has occasioned a party trouble, inconvenience and expense of defending, will not support an action for abuse of process. (*Lichter* v. *Interwoven Stocking Co.*, 234 App. Div. 204; *Paul* v. *Fargo*, 84 id. 9; *Doane* v. *Hescock*, 155 N. Y. Supp. 210; affd., 173 App. Div. 966.) Public policy requires that parties be permitted to avail themselves of the courts to settle their grievances and that they may do so without unnecessary exposure to a suit for damages in the event of an unsuccessful prosecution. " The costs awarded to a successful defendant in a civil action are the indemnity which the law gives him for a groundless prosecution." (*Ferguson* v. *Arnow*, 142 N. Y. 580, at p. 583. See, also, *Willard* v. *Holmes, Booth & Haydens*, Id. 492.)

The only alleged element of damage which remains to sustain the tort of abuse of process is that plaintiff was compelled to reveal privileged communications made to him by his client. This allegation is a pure conclusion of law. If the communications were privileged and were not germane to the law suit in which plaintiff was made a party, there appears to be no valid reason why the privilege could not have been asserted by plaintiff at the time when questions which might violate the confidential relationship between the plaintiff and his client were propounded to him. (Civ. Prac. Act, § 353.) An attorney may not be compelled at the instance of a hostile litigant to disclose his retainer or the nature of the transactions to which it related when such information could be made the basis of a suit against his client. (*Matter of Shawmut Mining Co.*, 94 App. Div. 156, 163.)

The Special Term has sustained the complaint upon the theory that it alleges that plaintiff was joined in the Cole suit for the purpose of abusing the right of examination conferred by section 1094-a of the Civil Practice Act in that defendant by joining plaintiff as a party in the Cole suit was thereby enabled to obtain an *ex parte* order for his examination for the purpose of obtaining information with reference to the location of the chattels. Indeed, plaintiff states that the gravamen of the tortious conduct of defendant is " abusing the right of examination." Subjection to an examination before trial, however, is one of the incidents of any civil action. A defendant is always subject to an examination before trial. (Civ. Prac. Act, § 288.) By express language of section 1094-a of the Civil Practice Act, all the provisions of article

29 of the act and the Rules of Civil Practice relative to testimony by deposition apply to such order and to the taking of such deposition wherever the provisions of article 29 are consistent with the requirements of section 1094-a.

There is an obvious deficiency in the challenged pleading. Substantially, it sets forth the issuance of the process and plaintiff's wrongful motives. This, however, is not enough to constitute a cause of action for abuse of process. If defendant used the process of the court for its proper purpose, though there was malice in his heart, there was no abuse of process. The tort is not committed until defendant uses or attempts to use the process of the court, not to effect its proper function, but to accomplish through it some collateral object. (*Hauser* v. *Bartow*, 273 N. Y. 370, 374; *Kashdan* v. *Wilker Realty Co., Inc.*, 197 App. Div. 659; *Assets Collecting Co.* v. *Myers*, 167 id. 133, 138; *Foy* v. *Barry*, 87 id. 291, 294.) " The gist of the action for abuse of process lies in the improper use of process after it is issued." (*Dean* v. *Kochendorfer*, 237 N. Y. 384, 390.) In his pleading, plaintiff has failed to set forth how process of the court was abused after it had been issued.

In effect, plaintiff is complaining of the institution of the former action against him and not of any wrong committed in the execution of process during the course of the Cole suit. The cause of action, if any, would fall within the category of malicious prosecution, *i. e.*, maliciously causing process to issue, and could be upheld upon a showing that there had been an interference with person or property and that the prior action had terminated favorably to plaintiff.

The orders appealed from should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint as against the defendant-appellant should be granted, with leave, however, to serve an amended pleading within ten days after service of a copy of the order with notice of entry thereof, on payment of said costs.

MARTIN, P. J., GLENNON, UNTERMYER and CALLAHAN, JJ., concur.

Orders unanimously reversed, with twenty dollars costs and disbursements, and motion to dismiss the complaint as against the defendant-appellant granted, with leave to the plaintiff to serve an amended complaint within ten days after service of order on payment of said costs.