**H. W. BLACKSTOCK et al., Appellants,**

**v.**

**Lester L. TATUM et al., Appellees.**

**No. 14670.**

Court of Civil Appeals of Texas.

Houston.

Nov. 18, 1965.

Rehearing Denied Dec. 9, 1965.

Nowlin Randolph, Houston, for appellants.

Mills, Shirley & McMicken, Preston Shirley, Galveston, for appellees.

BELL, Chief Justice.

This is an appeal from a judgment of the trial court dismissing appellants' suit when they refused to amend after the court sustained appellees' special exceptions to appellants' petition purporting to allege a cause of action for abuse of legal process.

As shown by our decision in the case of Wallace Investments, Inc. v. Blackstock et al., 384 S.W.2d 910, when that case was before us on complaint that the trial court incorrectly overruled Wallace Investments, Inc.'s plea of privilege, appellants brought a suit against appellees seeking to determine their riparian rights, to remove cloud from title to their appurtenant lands and to enjoin the filling in of Taylor Lake and other acts that would damage their riparian rights. We held the trial court properly overruled the plea of privilege because the

dominant purpose of the suit was to remove cloud from title to appellant's land and suit for injunctive relief was incidental to that purpose. We noted that there was another cause of action for damages asserted which appellants denominated "abuse of civil process" and it could be maintained (assuming a cause was sufficiently stated) here in order to avoid a multiplicity of suits. We recite this to show that appellants' original suit, which was No. 595,229, was first filed against appellees, and that it is such suit that appellants contend appellees seek to force them to dismiss or abandon through the abuse of civil process in other suits filed against them by appellees.

After our disposition of the plea of privilege appeal, appellants' suit No. 595,229 and all suits filed for appellees against appellants, except one, were consolidated and were carried as Cause No. 595,229. Appellees addressed special exceptions to that part of appellants' fifth amended original petition, which appellants denominated their "Second Count," which purported to allege a cause of action for abuse of civil process. Upon the sustaining of such exceptions, appellants stated they could not further amend and moved the court to sever this count, it representing a separate cause of action. The count was severed and is now carried as Cause No. 595,229–A on the trial court's docket. Appellants then filed their original petition in the severed Cause No. 595,229–A and the appellees' exceptions to it were sustained and the cause dismissed on refusal of appellants to amend. Consolidated Cause No. 595,229, which includes all of appellees' suits against appellants, except one which was not consolidated, remains undisposed of as does the the other suit of appellees filed against appellants that was not consolidated.

The position of appellants is that they have sufficiently alleged a cause of action for damages for abuse of process. The position of appellees is that appellants have asserted nothing more than a suit for damages for malicious prosecution of civil suits and the petition is even insufficient to state such a cause of action or one for abuse of process.

Appellants' original petition in the severed cause consists of paragraphs numbered I through VII. To each paragraph, except paragraph I, special exceptions going to the substance of the pleading were urged and sustained. Paragraph I, to which no exception was urged, in substance sets out the ownership by appellants of specifically enumerated lots on Taylor Lake, it being alleged they each owned title to the water's edge and had the exclusive and unrestricted right of ingress and egress from the respective lots to the water. They further allege that in May, 1962 the appellees began filling a portion of the lake in front of appellants' property but were restrained by an order of the United States District Court. Thereafter the appellees, Tatum and Wallace Investments, Inc., in pursuance of a common design induced Paul C. Harris, common source of title of all parties, to execute to these two appellees a correction deed to elaborate on a previous deed to Tatum, which correction deed described a strip of land claimed to adjoin appellants' land on the lakeward side, the land described measuring in width up to 88 feet. It is alleged that some of appellants were using and enjoying their property, including the riparian rights, and such was known to appellees. Appellants claim the strip of land and all riparian rights. We should note that the issue of ownership is really not involved here but is involved in the consolidated cause. However, we recite the above portion of paragraph I because it shows appellants, claiming as above set out, filed the Federal Court suit and Cause No. 595,229 in the State Court to establish their ownership of the above strip and the appurtenant rights and that appellants claim that the suits hereinafter mentioned that were filed by appellees were filed and are being prosecuted for the purpose of coercing appellants into dismissing Cause No. 595,229.

Paragraph II in substance alleges that about September 1, 1963 appellees determined to force appellants Blackstock, King and Phipps to abandon their suit. They allege the title procured by the correction deed was a spurious one and its acquisition was for the sole purpose of furthering the unlawful conspiracy of appellees. It is alleged that the other appellees conspired, confederated and combined with North Clear Lake Development Corporation to file suit against appellants and others to litigate title to the above strip and this was for the purpose of forcing appellants to abandon their suit. They say the purpose was to "misuse and abuse the process of the courts." The cause immediately complained of in paragraph II is No. 627,-718 and was filed by North Clear Lake Development Corporation against all of the appellants, their wives and lienholders. It is asserted the suit cannot possibly be filed for a legitimate purpose because ownership of the strip could not benefit appellees since they could not build on the land and had no right of ingress and egress to the land. Appellees' said suit, appellants say, was filed for the evil and fraudulent purpose of threatening appellants with loss of their water frontage, thereby destroying one-half the value of their homes and making them unsalable while the suit is pending. There is no allegation of any contemplated sale. Cause No. 627,718 is one in trespass-to-try title and was filed against appellants and other persons. It alleges ownership of the strip of land as of January 1, 1963. It was filed May 12, 1965.

Paragraph III of appellants' petition alleges that the appellees, not content with the above fraudulent conspiracy to "abuse and misuse" the process of the courts, through their corporate tool, Bank Line Development Corporation, filed Cause No. 628,593 in the 61st District Court wherein Bank Line sought of appellant Blackstock and four other persons damages because the property owners in El Lago Estates have sought to use funds belonging to them to assist appellants in this suit to defeat the efforts of appellees to destroy the value of the subdivision. We find no further description of Cause No. 628,593, nor do we find a copy of the petition in the transcript.

In Paragraph IV it is alleged that as a part of the conspiracy to browbeat, harass, threaten and punish appellants for filing their suit, appellees filed Cause No. 632,865 in the 152nd District Court, which is alleged to be identical with Cause No. 627,718. The suit complained of in this paragraph is in trespass-to-try title and seeks to establish title in North Clear Lake Development to the strip of land above mentioned. This petition, however, alleges title as of December 2, 1963. It was filed May 12, 1965. It is asserted this cause is an additional flagrant abuse of the process of the court and is a further attempt to accomplish the unlawful aims and objectives entertained and fostered by appellants in Cause No. 627,718.

In Paragraph V it is alleged that appellees, in an effort to intimidate the appellants and cause them to give up Cause No. 595,229, filed Cause No. 632,969, against the appellant Blackstock seeking damages because of alleged actions taken by him that were actually efforts by him to protect his home. This last suit was filed May 12, 1965, and is for damages in the amount of $300,000.00. The bases of the suit are the alleged false statements made by Blackstock concerning a real estate development being promoted by North Clear Lake Development Corporation and Lester L. Tatum. This subdivision is west of Taylor Bayou abutting Taylor Lake. The above referred to strip of land is no part of the land involved in Cause No. 632,969.

Paragraph VI alleges that as a result of the above "parade of lawsuits" appellants have suffered material damage from the "abuse of the process of the courts." It is alleged each suit "was not filed" to accomplish its ostensible purpose, but for the wrongful purpose of forcing appellants by pressure of litigation to give up their

attempt to prevent appellees from building an island in the vicinity that would deprive appellants of the advantage of Taylor Lake. It is alleged that the suits achieved wide notoriety in the area and have permanently reduced the value of appellants' land by 50%. It is further asserted that appellants' right of privacy has been invaded by persons seeking to learn the meaning of this litigation and that neighbors of appellants have continuously made inquiry about the suits and some of them, fearful of similar action against them, have urged appellants to drop their suit. Then follows the allegation that fear of losing this property has caused tension to each appellant and has impaired their health. The same injury is alleged to have resulted to appellants' wives. Damages generally are asserted for invasion of right of privacy and impairment of health. Actual and exemplary damages are sought.

The trial court sustained Special Exceptions 22 through 32. Separate special exceptions were levied against each numbered paragraph of appellants' pleadings and the complaints urged in each exception in substance pointed out the same substantive defects in a particular paragraph of appellants' petition. The exceptions pointed out that apparently appellants sought to allege a cause of action for malicious prosecution but the particular paragraph failed to state a cause of action for the following reasons:

1. There was a failure to allege the seizure of or damage to the person or property as required in a suit for malicious prosecution or any similar type of suit.

2. There was no allegation in the particular paragraph excepted to that the appellees' suit there complained of had terminated favorably to appellants.

3. There was no allegation of malice.

4. There was no factual allegation to support any claim of want of probable cause.

5. The allegations in connection with probable cause attempting to allege motive are immaterial.

6. The allegations fail in any way to allege any wrongful use, misuse or abuse of process.

Appellants say they are not suing for damages for malicious prosecution of civil suits but for abuse of process, and, therefore, termination of the suits, and want of probable cause, are not necessary and malice is material only as to exemplary damages and they have sufficiently alleged malice.

From an analysis of appellants' pleading, their brief and oral argument, we gain the impression that appellants are urging that the mere filing and continued prosecution of these suits by appellees when appellees' purpose is to coerce appellants into dismissing their suit against appellees is a misuse or abuse of process and that in such a case want of probable cause and prior termination of such suits are unnecessary elements of such cause of action. Appellants are urging in effect that the maintenance of a civil action in itself is an abuse of process if its purpose was to coerce them into dismissing a suit they have pending against appellees.

We do not so understand the cause of action for abuse of process. As we understand it, abuse of process consists not in the filing and maintenance of a civil action, but rather in the perversion of some process issued in the suit after its issuance. The process referred to in the cases is not in the filing and maintenance of a civil action, but in the wrongful use of a writ issued in the suit. The writ or process must be used in a manner or for a purpose for which it is not by law intended and the use must interfere with the person or property of another. In all cases cited, and which we have found, a writ issued in a suit was executed so there was in some manner wrongful seizure of property or actual interference with the person.

■■ The most concise and clear statement of the nature of the cause of action for abuse of process is to be found in Prosser on Torts, 3rd Ed., Section 115. It reads in part as follows:

"Abuse of process differs from malicious prosecution in that the gist of the tort is not commencing an action or causing process to issue without justification but misusing or misapplying process justified in itself for an end other than that which it was designed to accomplish. The purpose for which the process is used, once it is issued, is the only thing of importance * * *

"The essential elements of abuse of process * * * have been stated to be: first, an ulterior purpose, and second, a wilful act in the use of the process not proper in the regular conduct of the proceeding. Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process, is required; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions. The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club. There is, in other words, a form of extortion, and it is what is done in the course of negotiation, rather than the issuance or any formal use of the process itself, which constitutes the tort. * * " See also Miller v. Stern, 262 App.Div. 5, 27 N.Y.S.2d 374; Hauser v. Bartow, 273 N.Y. 370, 7 N.E.2d 268; Ross v. Peck Iron & Metal Co., 264 F.2d 262 (4th Cir.); 72 C.J.S. Process § 120; 16 North Carolina Law Review 277; 1 Am.Jur.2d Secs. 1 and 4; 27 Harvard Law Review 594.

■ All cases relied on by appellants are distinguishable from the cause asserted by them in their petition. In each case there was the wrongful execution of process that resulted in actual wrongful seizure of property. In such cases there was no contention that the mere filing and prosecution of suits amounted to an abuse of process. An analysis of appellants' petition shows there is no allegation that process of any kind was ever issued or executed. As we view the allegations appellants' petition merely attempts to assert a cause of action for damages for malicious prosecution of civil suits. In this respect it is defective, as we will notice. While appellants use the general term "abuse of process," their other allegations clearly show they are using the term to mean the mere filing and maintenance of civil suits.

The petition is insufficient to allege a cause of action for malicious prosecution, at least to the extent it fails to show actual interference with person or property and fails to allege appellees' suits against them have terminated favorably to them. We need not notice the other claimed defects asserted by the special exceptions.

We deem these Texas cases controlling: Pye v. Cardwell, 110 Tex. 572, 222 S.W. 153; Andrews v. Brown, 283 S.W. 288 (Tex.Civ.App.), aff'd 10 S.W.2d 707 (Tex. Com.App.); Shapleigh Hardware Co., Inc. v. Kneeland Bros., Inc., 60 S.W.2d 510 (Tex.Civ.App.), no writ hist.

■ While appellants urge in oral argument that appellees' exception "There was no allegation of any wrongful use, abuse or misuse of process" is a general demurrer, it is noted no complaint of the form was made below or by point of error here. However, we are of the view it is not a general demurrer but specifically calls the court's attention to the omission of an essential substantive allegation.

Affirmed.