

# NUMBER 13-24-00625-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JEREMY LEE GARATE
## D/B/A GARATE PROCESS SERVICE

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Silva and Peña**
**Memorandum Opinion by Justice Peña[1]**

By petition for writ of mandamus, relator Jeremy Lee Garate d/b/a Garate Process

Service (Garate) contends that the trial court[2] abused its discretion by denying his motion

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This petition for writ of mandamus arises from trial court cause number C-2930-24-F in the 332nd District Court of Hidalgo County, Texas, and the original respondent was the Honorable Mario Efrain Ramirez Jr. *See id.* R. 52.2. However, the respondent ceased to hold office on December 31, 2024, and

to dismiss the underlying cause of action for abuse of process as baseless under Texas Rule of Civil Procedure 91a. *See* TEX. R. CIV. P. 91a. We agree; therefore, we conditionally grant the petition for writ of mandamus.

## I. BACKGROUND

Luis Alvarado filed suit against Garate, alleging that Garate, a licensed civil process server, placed a summons and complaint for a federal lawsuit on his doorstep while Alvarado was not home, yet Garate "signed under penalty of perjury and filed a Proof of Service with the federal court stating that Garate personally served [him] with a federal lawsuit." Alvarado also asserted that Garate failed to personally serve him with a subpoena to produce documents in the same federal case and again signed a false affidavit stating that he had done so. Alvarado amended his pleadings on five different occasions. In his fourth amended petition, which is the live pleading at issue in this case, Alvarado alleged that a default judgment was rendered against him in federal court because of Garate's actions. In his live pleading, Alvarado asserted a singular cause of action against Garate for abuse of process.

Garate filed original, first amended, and second amended motions to dismiss Alvarado's lawsuit as baseless. *See id.* Garate alleged that the default judgment rendered against Alvarado in the federal lawsuit had been dismissed and that case remained in litigation. More specifically, Garate alleged that Alvarado could not establish any of the

---

we abated and remanded this case to allow his successor, the Honorable Juan R. Alvarez, to reconsider the ruling at issue in this original proceeding. *See id.* R. 7.2(b); *In re Blevins*, 480 S.W.3d 542, 543 (Tex. 2013) (orig. proceeding) (per curiam); *In re Schmitz*, 285 S.W.3d 451, 454 (Tex. 2009) (orig. proceeding); *In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 228 (Tex. 2008) (orig. proceeding); *State v. Olsen*, 360 S.W.2d 402, 403 (Tex. 1962) (orig. proceeding) (per curiam). On abatement, the successor judge denied Garate's motion for reconsideration.

elements required to establish abuse of process. On November 25, 2024, the trial court denied Garate's second amended motion to dismiss Alvarado's lawsuit as baseless.

On December 9, 2024, this original proceeding ensued. By order issued on December 13, 2024, this Court requested Alvarado, or any others whose interest may be affected by the relief sought, to file a response to the petition for writ of mandamus on or before the expiration of ten days. *See* TEX. R. APP. P. 52.2, 52.4, 52.8.

On December 23, 2024, Alvarado filed an "Advisory to the Court" informing us that he had nonsuited his lawsuit against Garate without prejudice. However, Alvarado did not file a response addressing the merits of Garate's petition for writ of mandamus. On December 26, 2024, Garate filed a response to Alvarado's advisory contending that Alvarado's "untimely nonsuit does not moot [the] petition for writ of mandamus." Garate requested that we grant his petition for writ of mandamus and direct the trial court to set an evidentiary hearing regarding costs and attorney's fees.

Subsequently, we abated and remanded this original proceeding pursuant to Texas Rule of Appellate Procedure 7.2, to allow a successor judge to reconsider the matters at issue. *See* TEX. R. APP. P. 7.2(b); *In re Blevins*, 480 S.W.3d 542, 543 (Tex. 2013) (orig. proceeding) (per curiam). After considering Garate's motion for reconsideration and Alvarado's response thereto, the successor judge denied Garate's requested relief. Garate thereafter filed a third amended petition for writ of mandamus. In his third amended petition for writ of mandamus, Garate presents three issues, which we construe as two, asserting (1) that Alvarado's cause of action has no basis in law because the facts alleged do not establish any of the essential elements of a claim for abuse of

3

process, and (2) Alvarado's nonsuit did not moot Garate's claim for attorney's fees or deprive the court of jurisdiction.

## II.   MANDAMUS

"Mandamus relief is an extraordinary remedy available only on a showing that (1) the trial court clearly abused its discretion and (2) the party seeking relief lacks an adequate remedy on appeal." *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *In re Liberty Cnty. Mut. Ins.*, 679 S.W.3d 170, 174 (Tex. 2023) (orig. proceeding) (per curiam). Mandamus relief may be appropriate if the trial court abuses its discretion by denying a Rule 91a motion to dismiss. *See In re Farmers Tex. Cnty. Mut. Ins.*, 621 S.W.3d 261, 266 (Tex. 2021) (orig. proceeding); *In re Essex Ins.*, 450 S.W.3d 524, 526 (Tex. 2014) (orig. proceeding) (per curiam).

## III.   BASELESS CAUSES OF ACTION

Rule 91a provides that "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1; *see In re First Resrv. Mgmt., L.P.*, 671 S.W.3d 653, 659 (Tex. 2023) (orig. proceeding). "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1; *see In re Farmers Tex. Cnty. Mut. Ins.*, 621 S.W.3d at 266. "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." TEX. R. CIV. P. 91a.1; *San Jacinto River Auth. v. Medina*, 627 S.W.3d 618, 628 (Tex. 2021). We perform a de novo review of the trial court's ruling on a Rule 91a motion. *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020); *City of Dall. v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam).

4

## IV.   NONSUIT

We first address the effect of Alvarado's nonsuit on this original proceeding. By one issue, Garate asserts that the nonsuit does not affect our consideration of his petition for writ of mandamus. In this original proceeding, Alvarado does not present argument or authority regarding the ramifications of his nonsuit. However, in responding to Garate's motion for reconsideration, Alvarado argued that because the trial court had denied Garate's second amended motion to dismiss before Alvarado filed his nonsuit, Garate did not have any pending motions for sanctions, attorney's fees or costs that survived; thus, the controversy between the parties was extinguished.

"Texas Rule of Civil Procedure 162 provides that a plaintiff may take a nonsuit at any time before introducing all of [its] evidence." *Rogers v. Bagley*, 623 S.W.3d 343, 357 (Tex. 2021). A "nonsuit extinguishes a case or controversy from 'the moment the motion is filed' or an oral motion is made in open court; the only requirement is 'the mere filing of the motion with the clerk of the court.'" *Univ. of Tex. Med. Branch at Galveston v. Est. of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam) (quoting *Shadowbrook Apartments v. Abu-Ahmad*, 783 S.W.2d 210, 211 (Tex. 1990) (per curiam)).

However, contrary to Alvarado's contentions, a nonsuit "shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk," and "shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal, as determined by the court." TEX. R. CIV. P. 162; *see Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011); *Bagby 3015, LLC v. Bagby House, LLC*, 693 S.W.3d 646, 651 (Tex. App.—Houston [14th Dist.] 2023, no pet.); *Aaron v. Fisher*, 645 S.W.3d 299, 310 (Tex. App.—Eastland 2022,

5

no pet.). When a motion to dismiss, if granted, would afford more relief to the movant than if the nonmovant filed a nonsuit, the motion to dismiss constitutes a claim for affirmative relief that survives a nonsuit. *Florez v. Olibas*, 657 S.W.3d 31, 37 (Tex. App.—El Paso 2022, pet. denied); *Gaskamp v. WSP USA, Inc.*, 596 S.W.3d 457, 468 (Tex. App.—Houston [1st Dist.] 2020, pet. dism'd); *Rauhauser v. McGibney*, 508 S.W.3d 377, 381–83 (Tex. App.—Fort Worth 2014, no pet.), *overruled on other grounds by Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017).

Rule 91a.5 expressly addresses the effect of a nonsuit in the context of a motion to dismiss and provides, in relevant part, that "[t]he court may not rule on a motion to dismiss if, at least 3 days before the date of the hearing, the respondent files a nonsuit of the challenged cause of action." TEX. R. CIV. P. 91a.5(a). Further, unless the parties have agreed otherwise, "the court must rule on a motion unless it has been withdrawn or the cause of action has been nonsuited" in accordance with the foregoing deadline. *Id.* R. 91a.5(c). Therefore, when a plaintiff nonsuits the claims challenged in the Rule 91a motion within the statutory deadline, "the trial court cannot rule on the Rule 91a motion, and thus the movant cannot recover costs and attorney's fees under Rule 91a because the movant is not the prevailing party on the motion." *Thuesen v. Amerisure Ins.*, 487 S.W.3d 291, 301 (Tex. App.—Houston [14th Dist.] 2016, no pet.). In contrast, when a plaintiff nonsuits a case outside of the deadline, Rule 91a requires the trial court to rule on a motion to dismiss and preserves the affirmative claims for relief made therein. *In re Est. of Savana*, 529 S.W.3d 587, 593 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *see also Reeder v. Everything Blockchain Inc.*, No. 03-23-00122-CV, 2024 WL 3731637,

6

at *1 (Tex. App.—Austin Aug. 9, 2024, no pet.) (mem. op.) (affirming an award of attorney's fees under Rule 91a because the plaintiff "missed the nonsuit deadline").

Here, Alvarado's nonsuit was filed outside of the deadline imposed by Rule 91a; thus, the trial court's ruling on Garate's Rule 91a motion to dismiss stands. *See In re Est. of Savana*, 529 S.W.3d at 593; *see also Reeder*, 2024 WL 3731637, at *1. Garate's Rule 91a motion to dismiss sought the dismissal of Alvarado's lawsuit with prejudice and an award of attorney's fees and costs. Thus, Garate's Rule 91a motion to dismiss constitutes a claim for affirmative relief that survives a nonsuit. *See Florez*, 657 S.W.3d at 37; *Gaskamp*, 596 S.W.3d at 468. Accordingly, we proceed to address the merits.

## V. ABUSE OF PROCESS

Alvarado's sole cause of action against Garate,[3] abuse of process, "is the malicious use or misapplication of process in order to accomplish an ulterior purpose." *Moore v. Bushman*, 559 S.W.3d 645, 652–53 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *see Hunt v. Baldwin*, 68 S.W.3d 117, 129 (Tex. App.—Houston [14th Dist.] 2001, no pet.). The elements of abuse of process are: (1) the defendant made an illegal, improper, or perverted use of the process, a use neither warranted nor authorized by the process; (2) the defendant had an ulterior motive or purpose in exercising such illegal, perverted, or improper use of the process; and (3) damages to the plaintiff because of such illegal act. *Moore*, 559 S.W.3d at 653; *Preston Gate, LP v. Bukaty*, 248 S.W.3d 892, 897 (Tex. App.—Dallas 2008, no pet.); *Hunt*, 86 S.W.3d at 129; *Bossin v. Towber*, 894 S.W.2d 25, 33 (Tex. App.—Houston [14th Dist.] 1994, writ denied). "A suit for abuse of

---

[3] *See Burroughs v. APS Int'l, Ltd.*, 93 S.W.3d 155, 161 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) ("[W]e decline to hold that a private process server owes a duty to the person or entity to be served.").

process must be based on an allegation that the other party misused process for a collateral purpose." *Davis v. West*, 433 S.W.3d 101, 111 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). The collateral purpose "usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club," and it is "a form of extortion." *Id.* (quoting *Blackstock v. Tatum*, 396 S.W.2d 463, 468 (Tex. App.—Houston 1965, no writ)).

The "critical aspect" of abuse of process is the improper use of the process after it has been issued. *Liverman v. Payne-Hall*, 486 S.W.3d 1, 5 (Tex. App.—El Paso 2015, no pet.); *Martinez v. English*, 267 S.W.3d 521, 528 (Tex. App.—Austin 2008, pet. denied). "In other words, abuse of process applies to a situation where a properly issued service of process is later used for a purpose for which it was not intended." *Martinez*, 267 S.W.3d at 528–29. Further,

> [O]ne who places a valid writ in the hands of an officer without directions as to the manner of its service is not liable for the trespasses and lawlessness of the officer in executing it unless, with knowledge of the facts, he advised or assisted in the abuse of process; or subsequently ratified the officer's acts.

*J. C. Penney Co. v. Gilford*, 422 S.W.2d 25, 31 (Tex. App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.) (quoting 1 AM. JUR. 2d, *Abuse of Process*, § 17). Finally, to recover for abuse of process, a claimant must demonstrate that it suffered "special damages, i.e. some physical interference with the claimant's person or property in the form of an arrest, attachment, injunction, or sequestration." *Pitts & Collard, L.L.P. v. Schechter*, 369 S.W.3d 301, 332–33 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (analyzing cases regarding malicious prosecution).

8

In his fourth amended petition, Alvarado alleged that Garate provided false affidavits in support of his service of process and service of a subpoena. He alleged that Garate's "ulterior motive" was to collect payment without doing the work for which he was paid. Alvarado contended that the entry of the default judgment in the federal lawsuit caused him damages in the form of attorney's fees, court costs, and expenses, and further caused collateral damage to his interests in a lawsuit in Mexico.

We conclude that Alvarado's cause of action for abuse of process has no basis in law because the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle him to the relief sought. *See* TEX. R. CIV. P. 91a.1; *In re Farmers Tex. Cnty. Mut. Ins.*, 621 S.W.3d at 266. Alvarado did not allege that a properly issued service of process was later used by Garate for a purpose for which it was not intended. *See Martinez*, 267 S.W.3d at 528–29. More specifically, Alvarado did not assert that Garate used the service of process or service of subpoena to influence him for a purpose collateral to the federal lawsuit, or that Garate used the service to extort or coerce him to take any action. *See Davis*, 433 S.W.3d at 111; *Blackstock*, 396 S.W.2d at 468. Further, assuming without deciding that a default judgment could result in the damages required to support a cause of action for abuse of process, *see Pitts & Collard, L.L.P.*, 369 S.W.3d at 332–33, Alvarado's allegations regarding his damages are conclusory in nature, and it is undisputed that the default judgment was set aside.

Based on the foregoing, we conclude that the trial court abused its discretion by denying Garate's motion to dismiss. *See In re Farmers Tex. Cnty. Mut. Ins.*, 621 S.W.3d at 266. Balancing the benefits of mandamus review against the detriments, and considering the specific circumstances of this case, we further conclude that Garate lacks

9

an adequate remedy by appeal to address this error. *See In re Farmers Tex. Cnty. Mut. Ins.*, 621 S.W.3d at 266; *In re Essex Ins. Co.*, 450 S.W.3d at 528. "In laying the groundwork for a rule mandating the early dismissal of baseless causes of action, the Legislature has effectively already balanced most of the relevant costs and benefits of an appellate remedy," thus, "mandamus review of orders denying Rule 91a motions comports with the Legislature's requirement for an early and speedy resolution of baseless claims." *In re Butt*, 495 S.W.3d 455, 460 (Tex. App.—Corpus Christi–Edinburg 2016, orig. proceeding).

## VI.     ATTORNEY'S FEES AND COSTS

Garate requests us to direct the trial court to set an evidentiary hearing for the award of attorney's fees and costs. Rule 91a.7 addresses this issue and expressly provides:

> Except in an action by or against a governmental entity or a public official acting in his or her official capacity or under color of law, the court may award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court. Any award of costs or fees must be based on evidence.

TEX. R. CIV. P. 91a.7; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 30.021.[4] Therefore, the trial court should convene an evidentiary hearing to consider evidence regarding costs and reasonable and necessary attorney's fees to determine the amount, if any, to award

---

[4] Rule 91a.7 previously provided that an award of attorney's fees and costs to the prevailing party was mandatory. *See* TEX. R. CIV. P. 91a (2013, amended 2019); *see also In re Odebrecht Constr., Inc.*, 548 S.W.3d 739, 750 (Tex. App.—Corpus Christi–Edinburg 2018, orig. proceeding) (mem. op. on reh'g); *Weizhong Zheng v. Vacation Network, Inc.*, 468 S.W.3d 180, 187 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). However, the rule was amended for cases commenced after September 1, 2019, to state that the court "may" award costs and attorney's fees. *See* TEX. R. CIV. P. 91a.7 cmt. 2019; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 30.021; Tex. Sup. Ct. Order, Misc. Docket No. 19-9108 (eff. Sept. 1, 2019); *In re Com. Credit Grp. Inc.*, No. 05-21-00115-CV, 2021 WL 1884657, at *6 (Tex. App.—Dallas May 11, 2021, pet. denied, orig. proceeding [mand. denied]) (mem. op.). This case commenced in 2024, so we apply the current version of the rule.

Garate as the prevailing party. *See* TEX. R. CIV. P. 91a.7; *see also In re Com. Credit Grp. Inc.*, No. 05-21-00115-CV, 2021 WL 1884657, at *6 (Tex. App.—Dallas May 11, 2021, pet. denied, orig. proceeding [mand. denied]) (mem. op.).

## VII.    CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, Alvarado's advisory, and the applicable law, is of the opinion that Garate has met his burden to obtain mandamus relief. Accordingly, we conditionally grant the petition for writ of mandamus, and we direct the trial court to: (1) withdraw its order denying the motion to dismiss; (2) grant the motion to dismiss; and (3) set a hearing to determine the amount, if any, of costs and reasonable attorney's fees to award. We are confident the trial court will promptly comply, and our writ will issue only if the trial court fails to act in accordance with this opinion.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
13th day of March, 2025.