## J. S. REGAN v. CHARLES JESSUP.

Decided December 18, 1903.

**1.—False Imprisonment—Extradition Warrant—Evidence.**

An extradition warrant issued by the Governor, fair and regular on its face, will protect the officer executing it, and in an action for damages for false imprisonment against the officer is admissible in evidence.

**2.—Same—Evidence—Deposition.**

It was error to exclude as evidence the deposition of the defendant officer explaining his connection with the detention of the plaintiff under the extradition warrant.

Appeal from the District Court of Harris. Tried below before Hon. W. P. Hamblen.

*Hume & Hume,* for appellant.

*Brockman & Kahn,* for appellee.

GARRETT, CHIEF JUSTICE.—This was an action for false imprisonment commenced October 19, 1901, by Charles Jessup against James S. Regan and G. B. Johnson. The petition alleged that the defendant Regan conspired with the defendant Johnson and others to effect the illegal arrest of the plaintiff, and, in furtherance of their conspiracy did, through their agents and attorneys and in person, effect the arrest and imprisonment of plaintiff without authority or color of authority, for which the plaintiff prayed damages. The defendant Regan answered by general demurrer and general denial, and special plea of justification under an executive warrant by the Governor of Texas commanding the arrest of the plaintiff and directing his delivery to the defendant as extradition agent of the State of Arkansas. Trial was had by jury and resulted in a verdict and judgment in favor of the plaintiff against both defendants jointly for $2000 actual and $3000 punitory damages.

At the trial the defendant offered in evidence a copy of the executive warrant described in the answer duly certified, but on objection by the plaintiff it was excluded. A warrant regular and fair on its face will protect the officer executing it. 12 Am. and Eng. Enc. of Law, 2 ed., 763-766, and notes; Id., 604. The warrant offered in evidence was fair on its face and would have protected the defendant as the agent for the extradition of the plaintiff against an action for false imprisonment, and the court erred in excluding it. The agent appointed by the Governor to receive and return the fugitive, if he proceed according to law, acts in a ministerial capacity and is not liable for damages although his feelings towards the fugitive were malicious. 12 Am. and Eng. Enc. of Law, 608. His motives are not material. The Governor had jurisdiction to issue the warrant, and his determination of the facts which authorized its issuance was prima facie conclusive and the warrant a justification for the arrest of the plaintiff. Brice v. Raynor, 124 Fed. Rep., 481. But a person

can not legally be extradited to a State for a crime committed within its jurisdiction unless he·was actually within the State, and is a fugitive therefrom, and the facts on which an executive warrant for extradition has issued may be inquired into on habeas corpus and the accused discharged. Bruce v. Raynor, supra. It was admitted that the plaintiff had never been in the State of Arkansas, and the warrant was therefore not legally issued, but as above stated was sufficient to protect the agent.

The exclusion of the deposition of the defendant was clearly erroneous. It explained his connection with the detention of the plaintiff; and if, as above stated, the defendant acted in a ministerial character only as the agent of the Governor under a warrant fair on its face, he could not be held liable for false imprisonment. Neither the pleadings nor the evidence makes a case of malicious prosecution. It is one for false imprisonment alone, although there are allegations of malice and conspiracy in the arrest and detention of plaintiff. The executive warrant with evidence that the defendant acted under it would have been a complete defense unless it should be shown that the defendant instigated and procured an illegal warrant for the arrest of the plaintiff. 12 Am. and Eng. Enc. of Law, 752, et seq.

For the error of the court both in excluding the warrant and the deposition of the defendant the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*