Schoette v. Drake, 139 Wis. 18.

SCHOETTE, Appellant, vs. DRAKE and another, Respondents.

*March 12—March 30, 1909.*

*False imprisonment: Justification for arrest: Delay in bringing be-
fore magistrate: Questions for jury: Evidence: Admissibility:
Original pleading as admission.*

1. In an action for false imprisonment, in which defendants alleged
   justification of plaintiff's arrest on the ground that he was
   drunk and disorderly, the questions whether plaintiff was, at
   the time of the arrest, violating any law or ordinance, and
   whether there was unreasonable delay in bringing him before a
   magistrate, are *held*, on the evidence, to have been for the jury.
2. Where an officer makes an arrest without a warrant, it is his
   duty to take the person arrested before a magistrate without
   unreasonable delay.
3. In an action for false imprisonment the criminal complaint made
   before the municipal court against the plaintiff was admissible
   in evidence, when offered by him, as bearing upon the credibil-
   ity of the evidence of the defendants and the cause of the arrest.
4. Where an amended pleading has been substituted for the original
   one, the latter may be put in evidence as an admission of the
   party.
5. Upon the question whether a person was drunk and disorderly
   at about 5 o'clock p. m. so as to justify his arrest at that time,
   evidence that during most of the day he had been in saloons,
   drinking and at times noisy, boisterous, and quarrelsome, was
   admissible.

APPEAL from a judgment of the circuit court for Langlade
county: JOHN GOODLAND, Circuit Judge. *Reversed.*

This action was brought to recover damages for false im-
prisonment. The complaint charges, in effect, that on the
13th day of March, 1908, at the city of Antigo, Wisconsin,
the defendants unlawfully and maliciously imprisoned the
plaintiff and restrained him of his liberty without right or au-
thority and against his will, whereby he sustained damages
in the sum of $5,000. The answers of defendants deny the
material allegations of the complaint and allege justification
for the arrest on the ground that the plaintiff was drunk and

disorderly in the city of Antigo, contrary to the statutes of the state and the ordinances of the city, and that the defendant *Drake* was a peace officer in said city and arrested the plaintiff in the lawful discharge of his duty. The defendant *Hill* answered originally by general denial, and afterwards amended his answer by plea of justification to the effect that plaintiff was intoxicated and disturbing the peace, and that he assisted the defendant *Drake* in making the arrest, and arraigned the plaintiff the following morning before the municipal court and complained against him, and that he was ignorant of the grounds for the arrest made by defendant *Drake*. The defendant *Drake* first answered by way of justification that the plaintiff was creating a disturbance on the streets and that he arrested him under the ordinances of the city, but in his amended answer justified the arrest under the ordinances and also alleged that at the time of the arrest plaintiff was intoxicated and disorderly.

At the close of the testimony the court, on motion of defendants, directed a verdict in their favor and against the plaintiff, dismissing the complaint with costs. Judgment was entered accordingly, from which this appeal was taken.

For the appellant there was a brief by *Goodrick & Goodrick,* and oral argument by *A. B. Goodrick.*

For the respondents there was a brief by *Morson & McMahon,* and oral argument by *H. F. Morson.*

KERWIN, J. The principal inquiry upon this appeal is whether the court below erred in directing a verdict for the defendants. This raises the question whether there was sufficient evidence to carry the case to the jury. The vital issues raised by the pleadings and litigated on the trial were (1) whether on the 13th day of March, 1908, when plaintiff was arrested, he was violating any ordinance of the city of Antigo or any law of the state of Wisconsin; (2) did the defendants unreasonably detain the plaintiff in jail after the arrest?

The plaintiff went to the city of Antigo in the forenoon of the day named, tied his team on the street, and left them until late in the afternoon, when they were taken by defendant Hill and put in a barn. During the day and until shortly before the arrest the plaintiff spent most of his time in saloons. During the afternoon defendant Drake was called to one of the saloons to suppress a disturbance and put plaintiff out of the saloon, which he did. There is some evidence of boisterous conduct on the part of plaintiff at the saloon to which defendant Drake had been called. This was during the afternoon of the day in question. The evidence tends to prove that late in the afternoon, about 5 p. m., when Drake arrested plaintiff, plaintiff was in an intoxicated condition, noisy and boisterous, using obscene and abusive language, and creating a disturbance on the street, contrary to the provisions of the ordinances of the city of Antigo. The ordinances provide that the policemen and marshals shall have power, and it shall be their duty, to arrest all persons violating any law or ordinance of the city and confine them until a reasonable time to bring them before the court to be dealt with according to law. It seems that the city of Antigo is operating under the general charter, which provides that the city marshal or chief of police may arrest, with or without process, every person found in the city in a state of intoxication, or engaged in any disturbance of the peace, or violating any law of the state or ordinance of the city. The defendant Drake, after arresting the plaintiff, took him, with the assistance of defendant Hill, to the city lockup, and confined him there. Drake left the city during the night on business and did not return until the following day, but wired Hill to take the prisoner before the municipal court the morning after the arrest, which was done, and complaint lodged against him charging him with an offense.

There is no doubt but that the evidence was ample to support a finding that the arrest was lawful under the charter

and ordinances of the city of Antigo, but the question is whether the evidence was so conclusive as to warrant the court in taking the case from the jury on this point. It is strenuously insisted by counsel for respondents that the evidence upon the part of defendants justifying the arrest was practically undisputed, and we confess there is much force in this position. Yet we are inclined to the opinion upon the whole case made that there was sufficient evidence to go to the jury on the question of whether the plaintiff was, at the time of arrest, violating any law or ordinance.

Upon the second proposition, as to the unreasonable restraint, the case is much more clear. The plaintiff was arrested between 5 and 6 o'clock in the afternoon and put in the lockup and left there until the forenoon of the following day. There is evidence that in the evening, shortly after he was confined, an effort was made to bring him before the court for the disposition of his case or for release on bail, and that the municipal court was open for that purpose; that although defendant *Drake* was in the city and requested to take plaintiff before the court, he neglected to do so, but suffered plaintiff to remain in jail all night and until about 9 or 10 o'clock in the forenoon of the following day. Upon the evidence produced it is clear that the court erred in directing a verdict for the defendants. The law upon the subject is well settled to the effect that where an officer makes an arrest without a warrant, as was done in this case, it is his duty to take the person arrested before a magistrate without unreasonable delay. 3 Elliott, Ev. § 2110; *Green v. Kennedy,* 48 N. Y. 653; *Markey v. Griffin,* 109 Ill. App. 212; *Ocean S. Co. v. Williams,* 69 Ga. 251.

The plaintiff offered in evidence the criminal complaint made before the municipal court in the case of *State v. Schoette,* in connection with the cross-examination of defendant *Hill.* This evidence was ruled out, and the ruling is assigned as error. The complaint offered does not appear to

be in the record. It is therefore difficult to say whether the court below was right or wrong in ruling it out. It appears to have been offered as bearing upon the credibility of the evidence of the defendants, the innocence or guilt of the appellant, and the cause of the arrest. Assuming that it was in the usual form, it was competent as bearing upon the credibility of the evidence of defendants and the cause of the arrest and was therefore admissible. *Parsons v. Harper,* 16 Grat. 64; *Forbes v. Hicks,* 27 Neb. 111, 42 N. W. 898; *Regan v. Jessup,* 34 Tex. Civ. App. 74, 77 S. W. 972; 19 Cyc. 366.

The court also refused to admit in evidence the original answer of defendant *Drake,* or permit counsel to cross-examine him as to allegations in such original answer. Where an original pleading has dropped out of the case by the substitution of an amended pleading, the original pleading may be put in evidence as an admission of the party, and is evidentiary for that purpose. *Schultz v. Culbertson,* 125 Wis. 169, 103 N. W. 234; *Lindner v. St. Paul F. & M. Ins. Co.* 93 Wis. 526, 67 N. W. 1125.

Error is also assigned because the court admitted evidence of occurrences at other times and places than at the time and place of the arrest, on the theory that the defendants had no right to arrest without a warrant after the offense had been committed. It is insisted that evidence of the disturbances created by plaintiff and his unlawful acts similar to those for which he was later arrested was inadmissible. In this case the arrest seems to have been made because of violation of the charter and ordinances of the city of Antigo being committed at the time of the arrest, and we need not consider whether the officer would be authorized to arrest for prior breaches committed in his presence the same day. We think, however, that the evidence regarding the conduct of plaintiff for some time prior to his arrest, and notably regarding the disturbances created by him in a saloon within a couple of hours before the arrest, was admissible. His con-

duct as to drinking, being quarrelsome, noisy, and boisterous during the day of his arrest had a bearing upon the question of disorderly conduct and intoxication at the time of the arrest. There is evidence that he was in saloons most of the day from 11 a. m. until shortly before his arrest, drinking, and at times noisy, boisterous, and quarrelsome. Such acts were so connected with the acts for which he was arrested as to be admissible in evidence. 1 Greenl. Ev. § 108; *Holmes v. State,* 124 Wis. 133, 102 N. W. 321.

*By the Court.*—The judgment below is reversed, and the cause remanded for a new trial.