NO. 07-08-00162-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



APRIL
7, 2010

 



 

MOHAMMED ALSHEIKH, APPELLANT

 

v.

 

MORGAN DAOUD ELHAJ DYAB

 A/K/A MURJAN DYAB ALTAWIL, APPELLEE




 



 

 FROM THE COUNTY COURT AT LAW NO. 3
OF TARRANT COUNTY;

 

NO. 04-25910-3; HONORABLE VINCENT G. SPRINKLE, JUDGE



 



 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant Mohammed Alsheikh appeals a judgment awarding appellee
Morgan Daoud Elhaj Dyab a/k/a Murjan Dyab Altawil damages in tort and
attorney=s fees as a sanction.  Finding no evidence Alsheikh
abused process and no evidence of certain damages, we
will reverse and render in part, reverse and remand in part, and otherwise
affirm the judgment of the trial court.

 

 

Background

Alsheikh and Dyab
were former business partners.  A
disagreement developed on dissolution of their venture and, according to Alsheikh, around 9:00 p.m. on August 27, 2004, Dyab came to Alsheikh’s
apartment, threatened him with a pistol, and demanded $100,000.  No money was delivered but before leaving Dyab demanded the battery for Alsheikh=s cell phone.  When it could not be removed, Dyab took the phone. 
Alsheikh then drove to his sister=s nearby home and telephoned police. 

Dyab was subsequently arrested and
charged with aggravated robbery.  Police
detained him in a holding cell six to eight hours before releasing him on bond.


Dyab denied any involvement in the
alleged robbery and asserted an alibi. 
He said three friends visited his home on the evening of August 27 and
were in his presence at the time of the claimed robbery.  The case against Dyab
was Ano-billed@ by a Tarrant County grand jury.

Meanwhile, Alsheikh
brought the underlying suit against Dyab seeking
declaratory and injunctive relief and alleging assault, conversion, and
intentional infliction of emotional distress as a result of the robbery.  Dyab answered and
filed a counterclaim which was twice amended to include claims of intentional
infliction of emotional distress, false arrest, false imprisonment, and abuse
of process.  He also sought an award of
attorney=s fees as a sanction for filing a
pleading in violation of Rule of Civil Procedure 13 and Chapters 9 and 10 of
the Civil Practice and Remedies Code. 

Following a two-day bench trial, the
court rendered judgment in favor of Dyab awarding him
$75,000 for mental anguish, $23,525 for defense of the criminal proceeding, and
as a sanction attorney=s fees of $22,044.45 and conditional
appellate attorney=s fees.  Alsheikh filed a
motion for new trial.  In lieu of a new
trial the court offered, and Dyab accepted, a remittitur reducing the award of mental anguish damages to
$10,000.  

Discussion

Alsheikh presents six issues.[1]  We begin with Alsheikh=s second issue, by which he argues
the evidence was legally and factually insufficient to support the finding that
he abused process.  According to Dyab, Alsheikh committed this
tort because he employed a frivolous suit and a temporary restraining order
based on a false affidavit to gain an advantage in litigation over the parties= business dispute. 

An appellant attacking the legal
sufficiency of an adverse finding on an issue on which he did not have the
burden of proof must demonstrate there is no evidence to support the adverse
finding.  Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983).  In deciding a no-evidence challenge we
determine whether there is evidence that would enable reasonable and
fair-minded people to reach the verdict under review.  City of Keller v.
Wilson, 168 S.W.3d 802, 827 (Tex. 2005).  Accordingly we must: (1) credit all favorable
evidence that reasonable jurors could believe; (2) disregard all contrary
evidence except that which they could not ignore; (3) view the evidence in the
light most favorable to the verdict; and (4) indulge every reasonable inference
that would support the verdict.  Id.


In reviewing the factual sufficiency
of the evidence, we first examine all of the evidence, Lofton v. Texas Brine
Corp., 720 S.W.2d 804, 805 (Tex. 1986), and, having considered and weighed
all of the evidence, set aside the verdict only if the evidence is so weak or
the finding is so against the great weight and preponderance of the evidence
that it is clearly wrong and unjust.  Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965).  Because the trier
of fact is the sole judge of the credibility of the witnesses and the weight
given their testimony, Rego Co. v. Brannon,
682 S.W.2d 677, 680 (Tex. App.BHouston [1st Dist.] 1984, writ ref=d n.r.e.),
we may not substitute our opinion for the trier of
fact merely because we might have reached a different conclusion.  Herbert v. Herbert, 754 S.W.2d 141, 144 (Tex. 1988).

Abuse of process requires proof that:
(1) the defendant made an illegal, improper, perverted use of the process; (2)
the defendant had an ulterior motive or purpose in exercising such illegal,
perverted, or improper use of process; and (3) the plaintiff sustained damage
from the irregularity. Detenbeck v. Koester, 886 S.W.2d 477, 480 (Tex.App.BHouston [1st Dist.] 1994, no writ) (citing
J. C. Penney Co. v. Gilford, 422 S.W.2d 25, 31 (Tex.Civ.App.BHouston [1st Dist.] 1967, writ ref’d n.r.e.)).

To constitute an abuse of process, the process must be used to accomplish
an end which is beyond the purview of the process, and which compels a party to
do a collateral thing which he would not be compelled to do.  When the process is used for the purpose for
which it is intended, even though accompanied by an ulterior motive, no abuse
of process occurs.

 

Detenbeck, 886 S.W.2d at 480 (citations omitted). 
The substance of Dyab=s abuse of process case is his claim
that Alsheikh presented Afalse tort claims, by seeking injunctive
relief and obtaining a temporary restraining order based upon false statements,
and by continuing to maintain false causes of action in an effort to gain an
advantage in litigation over a business dispute.@  Even assuming legally
and factually sufficient evidence supports these contentions, abuse of process
is not proved.  The tort depends not on
filing and maintaining a suit, even though the action is later found
frivolous.  Detenbeck,
886 S.W.2d at 481. 
Rather, A[t]he writ or process must be used in
a manner or for a purpose for which it is not by law intended and the use must
interfere with the person or property of another.@  Blackstock v. Tatum, 396
S.W.2d 463, 467 (Tex.Civ.App.BHouston [1st Dist.]
1965, no writ).  Improper purpose is ordinarily seen in the
coercive use of process, as a threat or club, to obtain an advantage not
properly part of the proceeding, such as the surrender of property or payment
of money.  Id. at 468 (quoting
Prosser on Torts, ' 115 (3rd ed.)).  But process is not abused if used for its
intended purpose even though accompanied by an ulterior motive.  Baubles & Beads v.
Louis Vuitton, S.A., 766
S.W.2d 377, 378-379 (Tex.App.BTexarkana 1989, no
writ).  Dyab offered no
evidence that Alsheikh made an improper use of
process properly issued by the court. 
Because we sustain Alsheikh=s claim that the evidence of abuse of
process was legally insufficient, it is not necessary for us to reach his
factual sufficiency claim.  See
Tex. R. App. P. 47.1 
We sustain Alsheikh=s second issue.[2]


In his third issue, Alsheikh contends there was legally and factually
insufficient evidence to support findings of false imprisonment and malicious
prosecution.  Although the issue is
multifarious, we are able to follow the argument and will address the multiple
complaints raised by the issue.  See
Tex. R. App. P. 38.9.

A case of false imprisonment requires
proof of:  (1) a willful detention; (2)
without consent; and (3) without authority of law.  Wal-Mart Stores, Inc.,
v. Rodriguez, 92 S.W.3d 502, 506 (Tex. 2002).  Alsheikh challenges
the sufficiency of proof of willfulness.[3]

A party may effect the willful detention of another without
participating in the detention.  Rodriguez,
92 S.W.3d at 507. 
Courts sometimes refer to this causation standard as A>instigation= of the false imprisonment.@ 
Id. (citing Tex. Midland R.R. v. Dean, 98 Tex. 517, 85
S.W. 1135, 1137 (1905)); Regan v. Jessup, 34 Tex. Civ. App. 74, 77 S.W.
972, 973 (Tex.Civ.App. 1903, no writ)).  Thus, liability for a willful detention may
fall on a third party if A>the act of arrest [is] made by the
officer, not of his or her own volition, but to carry out the request of the
[third party].=@  Id. at 507 (quoting 32 Am. Jur. 2d False Imprisonment ' 41 (1995)).  A private citizen, however, who does no more
than identify a suspect to law enforcement personnel has not requested or
directed the arrest of the suspect, and is not liable for instigating a
subsequent false imprisonment.  Rodriguez,
92 S.W.3d at 507. 
Nor is a person who merely provides inaccurate or incomplete information
to law enforcement personnel liable for instigating a subsequent false
arrest.  Id. at
510.  ABut when [the reporting] person
knowingly gives false information, he cannot complain if the law assumes that
the subsequent arrest was made >to carry out [his] request.= 
Such a person has instigated the arrest, and false imprisonment=s causation requirement is satisfied.@ 
Id. at 509 (quoting in part 32 Am. Jur. 2d False Imprisonment '
41).  Here, Dyab
does not assert Alsheikh directly participated in his
willful detention or demanded his arrest by a police officer.  Rather, he contends Alsheikh
falsely reported to police he was robbed at gunpoint by Dyab.  And this false report resulted in his arrest
and detention by law enforcement personnel. 


Alsheikh and Dyab
were business partners embroiled in a hotly contested dispute.  Alsheikh portrayed Dyab as bullying his way into the business through
threats.  And Dyab
believed Alsheikh refused to properly distribute
assets on dissolution of the business. Dyab testified
he was at home on August 27 from 6:00 p.m. until after 11:00 p.m., did not own
a gun, had never been to Alsheikh=s apartment, and knew not its
location.  He produced three unrelated
witnesses who testified they were guests in his home at the time of the alleged
robbery.  The evidence also showed Dyab was not out of the presence of his guests long enough
to travel to the apartment of Alsheikh.  Two witnesses testified Alsheikh
did not have a good reputation for truthfulness.  One added that Alsheikh
had hurt a number of people.  Alsheikh produced conflicting versions of how Dyab perpetrated the robbery.  According to his testimony, Dyab entered the apartment through a partially open front
door.  But the police report states Alsheikh encountered Dyab in the
apartment parking lot where he approached him from behind and in his affidavit
supporting the application for a temporary restraining order Alsheikh avers Dyab forced his
way into the apartment.  At trial, Alsheikh testified Dyab
threatened him with a gun contained in a plastic bag, but in his affidavit he
avers Dyab pulled a gun on him at the door of the
apartment.

In its findings of fact and
conclusions of law the court found:

In order to prevent [Dyab] from making his
claim against [Alsheikh, Alsheikh]
has made false allegations and accusations to local law enforcement agencies
against [Dyab] concerning an alleged assault.

[Alsheikh] has made willful, malicious, and
false reports to the local law enforcement agencies and has caused [Dyab] to be arrested and incarcerated.

Based on our
review of the entire record, we find the evidence legally and factually
sufficient to support a finding that Alsheikh instigated
or legally caused the willful detention of Dyab.  Alsheikh=s challenge of the legal and factual
sufficiency of the evidence supporting a finding of false imprisonment is
overruled. 

Alsheikh also complains by his third issue
that the evidence was legally and factually insufficient to support a finding
of malicious prosecution.  Malicious
prosecution requires proof by a preponderance of the evidence that: (1) a
criminal prosecution was commenced against Dyab; (2) Alsheikh initiated or procured the prosecution; (3) the
prosecution terminated in Dyab=s favor; (4) Dyab
was innocent of the charges; (5) Alsheikh lacked
probable cause to initiate the prosecution; (6) Alsheikh
acted with malice; and (7) Dyab suffered
damages.  See Kroger Tex. Ltd. P=ship v. Suberu,
216 S.W.3d 788, 793 n.3 (Tex. 2006). 
Here it is the sufficiency of evidence supporting the elements of malice
and innocence that Alsheikh assails.  

Malice means Aill will, evil motive, or reckless
disregard of the rights of others.@  Fisher
v. Beach, 671 S.W.2d 63, 67 (Tex.App.BDallas 1984, no
writ).  It may be proved by direct and circumstantial
evidence.  Id.  

Without restating the facts already
discussed in conjunction with this issue, we find the evidence legally and
factually sufficient to support a finding that Alsheikh
acted with malice in obtaining the prosecution of Dyab.  We find, further, the evidence was legally
and factually sufficient to support a finding that Dyab
was innocent of the alleged robbery.  See
Kroger, 216 S.W.3d at 795 n.7 (Tex. 2006),
(based on plaintiff=s testimony and her acquittal of
criminal charge the jury could reasonably conclude plaintiff=s innocence).

We overrule the remainder of Alsheikh=s third issue.

By his first issue, Alsheikh contends the evidence was legally and factually
insufficient to support the court=s award of mental anguish damages.  

The substance of Dyab=s evidence that he sustained legally
compensable mental anguish damages is as follows.  He testified to being Ashocked@ when arrested because he did not understand why he was under
arrest.  He added that placement in a
police holding cell for six to eight hours with alleged criminals was Ashocking@ and a Avery bad experience.@  Dyab
felt Amuch distress and anguish@ over the criminal prosecution and
false accusations.  He agreed with his
attorney that while awaiting presentation of the case to the grand jury he was Aupset and concerned@ that he might be jailed and his
business and family affected.  He
responded Ayes@ when his counsel asked on direct examination if he
experienced Aany lack of sleep.@ 
He sought no medical treatment for mental anguish. 

On a legal sufficiency review of
mental anguish damages, the Supreme Court of Texas has allowed the recovery of
such damages if the plaintiff provides direct evidence of the nature, duration,
and severity of his anguish establishing a substantial disruption in his daily
routine, or other evidence of a high degree of mental pain and distress that is
more than mere worry, anxiety, vexation, embarrassment or anger.  Parkway Co. v. Woodruff, 901 S.W.2d
434, 444 (Tex. 1995); see Gunn Infiniti, Inc. v. O'Byrne, 996 S.W.2d
854, 860-61 (Tex. 1999) (plaintiff=s testimony of Aa constant mental sensation of pain or rude awakening,@ Asevere disappointment,@ and public humiliation was legally insufficient to establish
mental anguish).  ASimply because a plaintiff says he or
she suffered mental anguish does not constitute evidence of the nature,
duration, and severity of any mental anguish that is sufficient to show a
substantial disruption of one's daily routine.@  Gunn
Infiniti, Inc., 996 S.W.2d at 861. 
Conclusory statements are not sufficient to
prove mental anguish.  See id.; EMC
Mortg. Corp. v. Jones, 252 S.W.3d 857, 872 (Tex.App.BDallas 2008) (only evidence of wife=s past mental anguish consisting of
husband=s testimony A>I think [the situation has affected
her] in much the same way . . . I know it=s taking a toll on her too,=@ was legally insufficient). 

Dyab felt Ashocked@ by his arrest and confinement and
concluded he felt distress and anguish and was upset and concerned.  He lost an unspecified amount of sleep.  While these emotions are understandable in
light of the record before us, they are no evidence of a substantial disruption
in the daily routine of Dyab or that he suffered a
high degree of mental pain and distress that exceeded mere worry, anxiety,
vexation, embarrassment or anger.  See
Saenz v. Fid. & Guar. Ins. Underwriters, 925 S.W.2d 607, 614 (Tex.
1996); Parkway Co., 901 S.W.2d at 445 (plaintiffs= testimony they were Aupset@ and angry and experienced Asome friction@ in their relationship over flooding
of their home did not support mental anguish damages).  Finding no evidence of compensable mental
anguish damages we do not reach Alsheikh=s claim that the evidence of such
damages was factually insufficient.  We
sustain Alsheikh=s first issue.

The trial court awarded Dyab attorney=s fees for trial and conditional appellate fees as a sanction
under Rule 13[4]
and Chapter 10.[5]  By his fifth and sixth issues Alsheikh challenges this award.  

We look first to Alsheikh=s complaint under Rule 13.  He contends the trial court abused its
discretion in awarding Dyab attorney=s fees because the supporting
evidence was legally and factually insufficient to establish sanctionable conduct. 
On appeal, he also argues the trial court failed to make proper Agood cause@ findings in the sanction order, as
required by Rule 13.  However, he does
not direct us to, and we do not find, a record indication that he presented the
complaint to the trial court. 
Accordingly, its consideration is not preserved for our review.  Tex. R. App. P. 33.1(a)(1),(2);
Spiller v. Spiller, 21 S.W.3d 451, 456 (Tex. App.BSan Antonio 2000, no pet.) (failure of trial court to include required findings
supporting sanctions under Rule 13 and Chapter 10 could not form basis for
reversal as plaintiff did not call omission to attention of trial court).  

We apply an abuse of discretion
standard in reviewing an order imposing sanctions.  Cire v. Cummings, 134 S.W.3d 835, 838 (Tex. 2004).  Under this standard, the legal and factual sufficiency of the evidence are not independent grounds of
error, but are relevant factors for determining whether the trial court abused
its discretion.  Beaumont
Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex.
1991).  Our review of a sanctions
order is not limited to a trial court=s
findings of fact and conclusions of law; rather, we must independently
review the entire record to determine whether the trial court abused its
discretion.  Am.
Flood Research, Inc. v. Jones, 192 S.W.3d 581, 583 (Tex. 2006) (per curiam).

In pertinent part Rule 13 provides:

The signatures of attorneys or parties constitute a certificate by them
that they have read the pleading, motion, or other paper; that to the best of
their knowledge, information, and belief formed after reasonable inquiry the
instrument is not groundless and brought in bad faith or groundless and brought
for the purpose of harassment . . . . If a pleading, motion or other paper is
signed in violation of this rule, the court, upon motion or upon its own
initiative, after notice and hearing, shall impose an appropriate sanction
available under Rule 215-2b, upon the person who signed it, a represented
party, or both. Courts shall presume that pleadings, motions, and other papers
are filed in good faith. No sanctions under this rule may be imposed except for
good cause, the particulars of which must be stated in the sanction order.  AGroundless@ for purposes of this rule means no
basis in law or fact and not warranted by good faith argument for the
extension, modification, or reversal of existing law.

 

To determine if a pleading is
groundless, the trial court employs an objective analysis:  that is, did the party and counsel make a
reasonable inquiry into the legal and factual basis of the claim?  In re United Servs. Auto Ass'n, 76 S.W.3d 112, 115 (Tex.App.BSan Antonio 2002, orig. proceeding).  In so doing, the court looks to the facts
available to the litigant and the circumstances at the time the suit was
filed.  Id.  

The imposition of Rule 13 sanctions
against parties filing frivolous claims accomplishes the dual function of
deterring similar conduct in the future and compensating the aggrieved party by
reimbursing the costs incurred in responding to baseless pleadings.  Scott & White Mem'l
Hosp. v. Schexnider, 940 S.W.2d
594, 596-597 (Tex. 1996).  If the
trial court finds a pleading is groundless and brought in bad faith or
groundless and brought for the purpose of harassment, it shall impose an
appropriate sanction available under Rule 215(2)(b).  See Tex. R. Civ. P. 13 and 215(2)(b).  The trial court
possesses authority under Rule 215(2)(b) to Amake such orders . . . as are just.@ 
See Tex. R. Civ. P. 215(2)(b).  One sanction available to a trial court under
the rule is an award of Areasonable expenses, including
attorney fees.@ 
Tex. R. Civ. P. 215(2)(b)(8). 

The trial court, as trier of fact, heard two versions of the events of August
27.  It favored the evidence of Dyab.  Material to
this discussion, it believed Alsheikh was aware of Dyab=s innocence of the alleged robbery
but nevertheless filed a petition alleging causes of action predicated on his
guilt.  In the judgment, the court
stated:

Further, Plaintiff=s Original Petition and Application for Temporary Restraining
Order and Permanent Injunction is a frivolous pleading. 
The pleading is groundless and brought in bad faith and/or is groundless
and brought for the purpose of harassment. 
[Alsheikh=s] allegations and/or other factual contentions lack
evidentiary support.  These actions on
the party (sic) of [Alsheikh] are sanctionable
under Rule 13 of the Texas Rules of Civil Procedure. 

(italics in original).

As trier of fact
the trial court was the sole judge of the credibility of the witnesses and the
weight given their testimony.  City of Keller, 168
S.W.3d at 819.  We will not
disturb that determination so long as the evidence falls within the zone of
reasonable disagreement.  Id. at 822.  We conclude the trial court did not abuse its
discretion in rendering judgment
that Alsheikh filed a pleading in violation of Rule
13.  We overrule Alsheikh=s fifth issue.

Because we find the trial court did
not abuse its discretion in imposing a sanction under Rule 13, it is not
necessary for us to consider whether the conduct of Alsheikh
also violated Chapter 10 and warranted the same sanction.  

In his fourth issue, Alsheikh complains that the trial court erred by failing to
file findings of fact and conclusions of law despite his timely request and
notice of past due findings.  Some three
weeks after Alsheikh filed his brief with this court
a supplemental clerk=s record containing signed findings
of fact and conclusions of law was filed.  It appears the findings were signed by the
trial court seven days after Alsheikh filed his brief
in this court.  Alsheikh
does not explain how the absence of findings hindered his presentation in this
court nor did he seek abatement for preparation of findings.  His issues on appeal challenge the legal and
factual sufficiency of evidence supporting Dyab=s theories of abuse of process, false
imprisonment, and malicious prosecution. 
He also challenges the sufficiency of evidence supporting the award of
mental anguish damages.  Because a
complete reporter=s record is before us, Alsheikh was free to and has challenged the implied finding
of at least one essential element of Dyab=s theories of recovery and
damages.  See Burnett v. Motyka, 610 S.W.2d 735, 736 (Tex. 1980) (in the absence
of findings of fact and conclusions of law it is implied that the trial court
made all findings necessary to support its judgment but these implied findings
may be challenged on legal and factual sufficiency grounds on appeal the same
as jury findings and findings of fact). 
Even assuming arguendo
the trial court erred by not filing its findings sooner, the error was harmless
since Alsheikh was able to assert legal and factual
sufficiency challenges.  We overrule Alsheikh=s fourth issue.

Conclusion

We reverse the portions of the trial
court’s judgment finding Alsheikh committed abuse of
process, awarding Dyab mental anguish damages, and
awarding Dyab an amount of pre-judgment interest on
those damages.  We render judgment that Dyab take nothing on his claim for abuse of process and his
claim for mental anguish damages.  We
remand the case to the trial court for calculation of pre-judgment interest
consistent with this opinion.  In all
other respects, we affirm the trial court’s judgment.

 

                                                                                                James
T. Campbell                                                                                                                                     Justice

 

            








 











[1]  Several of Alsheikh’s
issues contain sub-issues and one merges two issues.  For clarity, we will state each issue in
conjunction with our discussion.





[2]  In the
judgment the trial court found Alsheikh committed
malicious prosecution and abuse of process. 
These actions, it further found, were “the proximate cause of damages”
to Dyab “including, but not limited to damages for
personal injury and attorney’s fees incurred in connection with defending
himself in the criminal proceedings brought against him.”

 





[3]  The necessary state of mind of an actor is an intent
to interfere with another=s freedom of movement.  See Newton v. Rhoads Bros., 24 S.W.2d
378, 379 (Tex. Comm’n App. 1930, holding approved).
Unlike malicious prosecution, false imprisonment does not require proof of
probable cause and malice.  4 J. Hadley Edgar, Jr. & James B. Sales, Texas Torts and
Remedies ' 51.01[2] (2008). 





[4]  Tex. R. App. P. 13.





[5]  Tex. Civ. Prac. & Rem. Code Ann. ''
10.001-10.005 (Vernon 2002).