NO. 07-08-00162-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 7, 2010

_____

MOHAMMED ALSHEIKH, APPELLANT

v.

MORGAN DAOUD ELHAJ DYAB
A/K/A MURJAN DYAB ALTAWIL, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY;

NO. 04-25910-3; HONORABLE VINCENT G. SPRINKLE, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Mohammed Alsheikh appeals a judgment awarding appellee Morgan Daoud Elhaj Dyab a/k/a Murjan Dyab Altawil damages in tort and attorney's fees as a sanction. Finding no evidence Alsheikh abused process and no evidence of certain damages, we will reverse and render in part, reverse and remand in part, and otherwise affirm the judgment of the trial court.

Background

Alsheikh and Dyab were former business partners. A disagreement developed on dissolution of their venture and, according to Alsheikh, around 9:00 p.m. on August 27, 2004, Dyab came to Alsheikh's apartment, threatened him with a pistol, and demanded $100,000. No money was delivered but before leaving Dyab demanded the battery for Alsheikh's cell phone. When it could not be removed, Dyab took the phone. Alsheikh then drove to his sister's nearby home and telephoned police.

Dyab was subsequently arrested and charged with aggravated robbery. Police detained him in a holding cell six to eight hours before releasing him on bond.

Dyab denied any involvement in the alleged robbery and asserted an alibi. He said three friends visited his home on the evening of August 27 and were in his presence at the time of the claimed robbery. The case against Dyab was "no-billed" by a Tarrant County grand jury.

Meanwhile, Alsheikh brought the underlying suit against Dyab seeking declaratory and injunctive relief and alleging assault, conversion, and intentional infliction of emotional distress as a result of the robbery. Dyab answered and filed a counterclaim which was twice amended to include claims of intentional infliction of emotional distress, false arrest, false imprisonment, and abuse of process. He also sought an award of attorney's fees as a sanction for filing a pleading in violation of Rule of Civil Procedure 13 and Chapters 9 and 10 of the Civil Practice and Remedies Code.

Following a two-day bench trial, the court rendered judgment in favor of Dyab awarding him $75,000 for mental anguish, $23,525 for defense of the criminal proceeding, and as a sanction attorney's fees of $22,044.45 and conditional appellate attorney's fees. Alsheikh filed a motion for new trial. In lieu of a new trial the court offered, and Dyab accepted, a remittitur reducing the award of mental anguish damages to $10,000.

## Discussion

Alsheikh presents six issues.[1] We begin with Alsheikh's second issue, by which he argues the evidence was legally and factually insufficient to support the finding that he abused process. According to Dyab, Alsheikh committed this tort because he employed a frivolous suit and a temporary restraining order based on a false affidavit to gain an advantage in litigation over the parties' business dispute.

An appellant attacking the legal sufficiency of an adverse finding on an issue on which he did not have the burden of proof must demonstrate there is no evidence to support the adverse finding. *Croucher v. Croucher,* 660 S.W.2d 55, 58 (Tex. 1983). In deciding a no-evidence challenge we determine whether there is evidence that would enable reasonable and fair-minded people to reach the verdict under review. *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex. 2005). Accordingly we must: (1) credit all favorable evidence that reasonable jurors could believe; (2) disregard all contrary evidence except that which they could not ignore; (3) view the evidence in the light most

---

[1] Several of Alsheikh's issues contain sub-issues and one merges two issues. For clarity, we will state each issue in conjunction with our discussion.

3

favorable to the verdict; and (4) indulge every reasonable inference that would support the verdict. *Id.*

In reviewing the factual sufficiency of the evidence, we first examine all of the evidence, *Lofton v. Texas Brine Corp.,* 720 S.W.2d 804, 805 (Tex. 1986), and, having considered and weighed all of the evidence, set aside the verdict only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex. 1986); *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex. 1965). Because the trier of fact is the sole judge of the credibility of the witnesses and the weight given their testimony, *Rego Co. v. Brannon,* 682 S.W.2d 677, 680 (Tex. App.–Houston [1st Dist.] 1984, writ ref'd n.r.e.), we may not substitute our opinion for the trier of fact merely because we might have reached a different conclusion. *Herbert v. Herbert,* 754 S.W.2d 141, 144 (Tex. 1988).

Abuse of process requires proof that: (1) the defendant made an illegal, improper, perverted use of the process; (2) the defendant had an ulterior motive or purpose in exercising such illegal, perverted, or improper use of process; and (3) the plaintiff sustained damage from the irregularity. *Detenbeck v. Koester,* 886 S.W.2d 477, 480 (Tex.App.–Houston [1st Dist.] 1994, no writ) (*citing J. C. Penney Co. v. Gilford,* 422 S.W.2d 25, 31 (Tex.Civ.App.–Houston [1st Dist.] 1967, writ ref'd n.r.e.)).

> To constitute an abuse of process, the process must be used to accomplish an end which is beyond the purview of the process, and which compels a party to do a collateral thing which he would not be compelled to do. When the process is used for the purpose for which it is intended, even though accompanied by an ulterior motive, no abuse of process occurs.

4

*Detenbeck,* 886 S.W.2d at 480 (citations omitted).  The substance of Dyab's abuse of process case is his claim that Alsheikh presented "false tort claims, by seeking injunctive relief and obtaining a temporary restraining order based upon false statements, and by continuing to maintain false causes of action in an effort to gain an advantage in litigation over a business dispute."  Even assuming legally and factually sufficient evidence supports these contentions, abuse of process is not proved.  The tort depends not on filing and maintaining a suit, even though the action is later found frivolous.  *Detenbeck,* 886 S.W.2d at 481.  Rather, "[t]he writ or process must be used in a manner or for a purpose for which it is not by law intended and the use must interfere with the person or property of another."  *Blackstock v. Tatum,* 396 S.W.2d 463, 467 (Tex.Civ.App.–Houston [1st Dist.] 1965, no writ).  Improper purpose is ordinarily seen in the coercive use of process, as a threat or club, to obtain an advantage not properly part of the proceeding, such as the surrender of property or payment of money.  *Id.* at 468 (*quoting* Prosser on Torts, § 115 (3rd ed.)).  But process is not abused if used for its intended purpose even though accompanied by an ulterior motive.  *Baubles & Beads v. Louis Vuitton, S.A.,* 766 S.W.2d 377, 378-379 (Tex.App.–Texarkana 1989, no writ).  Dyab offered no evidence that Alsheikh made an improper use of process properly issued by the court.  Because we sustain Alsheikh's claim that the evidence of abuse of process was legally insufficient, it is not necessary for us to reach his factual sufficiency claim.  *See* Tex. R. App. P. 47.1  We sustain Alsheikh's second issue.[2]

---

[2] In the judgment the trial court found Alsheikh committed malicious prosecution and abuse of process.  These actions, it further found, were "the proximate cause of

In his third issue, Alsheikh contends there was legally and factually insufficient evidence to support findings of false imprisonment and malicious prosecution. Although the issue is multifarious, we are able to follow the argument and will address the multiple complaints raised by the issue. *See* Tex. R. App. P. 38.9.

A case of false imprisonment requires proof of: (1) a willful detention; (2) without consent; and (3) without authority of law. *Wal-Mart Stores, Inc., v. Rodriguez,* 92 S.W.3d 502, 506 (Tex. 2002). Alsheikh challenges the sufficiency of proof of willfulness.[3]

A party may effect the willful detention of another without participating in the detention. *Rodriguez,* 92 S.W.3d at 507. Courts sometimes refer to this causation standard as "'instigation' of the false imprisonment." *Id.* (*citing Tex. Midland R.R. v. Dean,* 98 Tex. 517, 85 S.W. 1135, 1137 (1905)); *Regan v. Jessup,* 34 Tex. Civ. App. 74, 77 S.W. 972, 973 (Tex.Civ.App. 1903, no writ)). Thus, liability for a willful detention may fall on a third party if "'the act of arrest [is] made by the officer, not of his or her own volition, but to carry out the request of the [third party].'" *Id.* at 507 (*quoting* 32 Am. Jur. 2d *False Imprisonment* § 41 (1995)). A private citizen, however, who does no more than identify a suspect to law enforcement personnel has not requested or directed the

damages" to Dyab "including, but not limited to damages for personal injury and attorney's fees incurred in connection with defending himself in the criminal proceedings brought against him."

[3] The necessary state of mind of an actor is an intent to interfere with another's freedom of movement. *See Newton v. Rhoads Bros.,* 24 S.W.2d 378, 379 (Tex. Comm'n App. 1930, holding approved). Unlike malicious prosecution, false imprisonment does not require proof of probable cause and malice. 4 J. Hadley Edgar, Jr. & James B. Sales, *Texas Torts and Remedies* § 51.01[2] (2008).

arrest of the suspect, and is not liable for instigating a subsequent false imprisonment. *Rodriguez,* 92 S.W.3d at 507. Nor is a person who merely provides inaccurate or incomplete information to law enforcement personnel liable for instigating a subsequent false arrest. *Id.* at 510. "But when [the reporting] person knowingly gives false information, he cannot complain if the law assumes that the subsequent arrest was made 'to carry out [his] request.' Such a person has instigated the arrest, and false imprisonment's causation requirement is satisfied." *Id.* at 509 (*quoting in part* 32 Am. Jur. 2d *False Imprisonment* § 41). Here, Dyab does not assert Alsheikh directly participated in his willful detention or demanded his arrest by a police officer. Rather, he contends Alsheikh falsely reported to police he was robbed at gunpoint by Dyab. And this false report resulted in his arrest and detention by law enforcement personnel.

Alsheikh and Dyab were business partners embroiled in a hotly contested dispute. Alsheikh portrayed Dyab as bullying his way into the business through threats. And Dyab believed Alsheikh refused to properly distribute assets on dissolution of the business. Dyab testified he was at home on August 27 from 6:00 p.m. until after 11:00 p.m., did not own a gun, had never been to Alsheikh's apartment, and knew not its location. He produced three unrelated witnesses who testified they were guests in his home at the time of the alleged robbery. The evidence also showed Dyab was not out of the presence of his guests long enough to travel to the apartment of Alsheikh. Two witnesses testified Alsheikh did not have a good reputation for truthfulness. One added that Alsheikh had hurt a number of people. Alsheikh produced conflicting versions of how Dyab perpetrated the robbery. According to his testimony, Dyab entered the apartment through a partially open front door. But the police report states Alsheikh

7

encountered Dyab in the apartment parking lot where he approached him from behind and in his affidavit supporting the application for a temporary restraining order Alsheikh avers Dyab forced his way into the apartment. At trial, Alsheikh testified Dyab threatened him with a gun contained in a plastic bag, but in his affidavit he avers Dyab pulled a gun on him at the door of the apartment.

In its findings of fact and conclusions of law the court found:

In order to prevent [Dyab] from making his claim against [Alsheikh, Alsheikh] has made false allegations and accusations to local law enforcement agencies against [Dyab] concerning an alleged assault.

[Alsheikh] has made willful, malicious, and false reports to the local law enforcement agencies and has caused [Dyab] to be arrested and incarcerated.

Based on our review of the entire record, we find the evidence legally and factually sufficient to support a finding that Alsheikh instigated or legally caused the willful detention of Dyab. Alsheikh's challenge of the legal and factual sufficiency of the evidence supporting a finding of false imprisonment is overruled.

Alsheikh also complains by his third issue that the evidence was legally and factually insufficient to support a finding of malicious prosecution. Malicious prosecution requires proof by a preponderance of the evidence that: (1) a criminal prosecution was commenced against Dyab; (2) Alsheikh initiated or procured the prosecution; (3) the prosecution terminated in Dyab's favor; (4) Dyab was innocent of the charges; (5) Alsheikh lacked probable cause to initiate the prosecution; (6) Alsheikh acted with malice; and (7) Dyab suffered damages. *See Kroger Tex. Ltd. P'ship v. Suberu,* 216

8

S.W.3d 788, 793 n.3 (Tex. 2006). Here it is the sufficiency of evidence supporting the elements of malice and innocence that Alsheikh assails.

Malice means "ill will, evil motive, or reckless disregard of the rights of others." *Fisher v. Beach,* 671 S.W.2d 63, 67 (Tex.App.–Dallas 1984, no writ). It may be proved by direct and circumstantial evidence. *Id.*

Without restating the facts already discussed in conjunction with this issue, we find the evidence legally and factually sufficient to support a finding that Alsheikh acted with malice in obtaining the prosecution of Dyab. We find, further, the evidence was legally and factually sufficient to support a finding that Dyab was innocent of the alleged robbery. See *Kroger,* 216 S.W.3d at 795 n.7 (Tex. 2006), (based on plaintiff's testimony and her acquittal of criminal charge the jury could reasonably conclude plaintiff's innocence).

We overrule the remainder of Alsheikh's third issue.

By his first issue, Alsheikh contends the evidence was legally and factually insufficient to support the court's award of mental anguish damages.

The substance of Dyab's evidence that he sustained legally compensable mental anguish damages is as follows. He testified to being "shocked" when arrested because he did not understand why he was under arrest. He added that placement in a police holding cell for six to eight hours with alleged criminals was "shocking" and a "very bad experience." Dyab felt "much distress and anguish" over the criminal prosecution and false accusations. He agreed with his attorney that while awaiting presentation of the

9

case to the grand jury he was "upset and concerned" that he might be jailed and his business and family affected. He responded "yes" when his counsel asked on direct examination if he experienced "any lack of sleep." He sought no medical treatment for mental anguish.

On a legal sufficiency review of mental anguish damages, the Supreme Court of Texas has allowed the recovery of such damages if the plaintiff provides direct evidence of the nature, duration, and severity of his anguish establishing a substantial disruption in his daily routine, or other evidence of a high degree of mental pain and distress that is more than mere worry, anxiety, vexation, embarrassment or anger. *Parkway Co. v. Woodruff,* 901 S.W.2d 434, 444 (Tex. 1995)*; see Gunn Infiniti, Inc. v. O'Byrne,* 996 S.W.2d 854, 860-61 (Tex. 1999) (plaintiff's testimony of "a constant mental sensation of pain or rude awakening," "severe disappointment," and public humiliation was legally insufficient to establish mental anguish). "Simply because a plaintiff says he or she suffered mental anguish does not constitute evidence of the nature, duration, and severity of any mental anguish that is sufficient to show a substantial disruption of one's daily routine." *Gunn Infiniti, Inc.,* 996 S.W.2d at 861. Conclusory statements are not sufficient to prove mental anguish. *See id.*; *EMC Mortg. Corp. v. Jones,* 252 S.W.3d 857, 872 (Tex.App.–Dallas 2008) (only evidence of wife's past mental anguish consisting of husband's testimony "'I think [the situation has affected her] in much the same way . . . I know it's taking a toll on her too,'" was legally insufficient).

Dyab felt "shocked" by his arrest and confinement and concluded he felt distress and anguish and was upset and concerned. He lost an unspecified amount of sleep.

10

While these emotions are understandable in light of the record before us, they are no evidence of a substantial disruption in the daily routine of Dyab or that he suffered a high degree of mental pain and distress that exceeded mere worry, anxiety, vexation, embarrassment or anger.  *See Saenz v. Fid. & Guar. Ins. Underwriters,* 925 S.W.2d 607, 614 (Tex. 1996); *Parkway Co.,* 901 S.W.2d at 445 (plaintiffs' testimony they were "upset" and angry and experienced "some friction" in their relationship over flooding of their home did not support mental anguish damages).  Finding no evidence of compensable mental anguish damages we do not reach Alsheikh's claim that the evidence of such damages was factually insufficient.  We sustain Alsheikh's first issue.

The trial court awarded Dyab attorney's fees for trial and conditional appellate fees as a sanction under Rule 13[4] and Chapter 10.[5]  By his fifth and sixth issues Alsheikh challenges this award.

We look first to Alsheikh's complaint under Rule 13.  He contends the trial court abused its discretion in awarding Dyab attorney's fees because the supporting evidence was legally and factually insufficient to establish sanctionable conduct.  On appeal, he also argues the trial court failed to make proper "good cause" findings in the sanction order, as required by Rule 13.  However, he does not direct us to, and we do not find, a record indication that he presented the complaint to the trial court.  Accordingly, its consideration is not preserved for our review.  Tex. R. App. P. 33.1(a)(1),(2); *Spiller v. Spiller,* 21 S.W.3d 451, 456 (Tex. App.–San Antonio 2000, no pet.) (failure of trial court

---

[4]  Tex. R. App. P. 13.

[5]  Tex. Civ. Prac. & Rem. Code Ann. §§ 10.001-10.005 (Vernon 2002).

11

to include required findings supporting sanctions under Rule 13 and Chapter 10 could not form basis for reversal as plaintiff did not call omission to attention of trial court).

We apply an abuse of discretion standard in reviewing an order imposing sanctions. *Cire v. Cummings,* 134 S.W.3d 835, 838 (Tex. 2004). Under this standard, the legal and factual sufficiency of the evidence are not independent grounds of error, but are relevant factors for determining whether the trial court abused its discretion. *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex. 1991). Our review of a sanctions order is not limited to a trial court's findings of fact and conclusions of law; rather, we must independently review the entire record to determine whether the trial court abused its discretion. *Am. Flood Research, Inc. v. Jones,* 192 S.W.3d 581, 583 (Tex. 2006) (per curiam).

In pertinent part Rule 13 provides:

> The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment . . . . If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215-2b, upon the person who signed it, a represented party, or both. Courts shall presume that pleadings, motions, and other papers are filed in good faith. No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order. "Groundless" for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law.

To determine if a pleading is groundless, the trial court employs an objective analysis: that is, did the party and counsel make a reasonable inquiry into the legal and factual basis of the claim? *In re United Servs. Auto Ass'n,* 76 S.W.3d 112, 115 (Tex.App.–San Antonio 2002, orig. proceeding). In so doing, the court looks to the facts available to the litigant and the circumstances at the time the suit was filed. *Id.*

The imposition of Rule 13 sanctions against parties filing frivolous claims accomplishes the dual function of deterring similar conduct in the future and compensating the aggrieved party by reimbursing the costs incurred in responding to baseless pleadings. *Scott & White Mem'l Hosp. v. Schexnider,* 940 S.W.2d 594, 596-597 (Tex. 1996). If the trial court finds a pleading is groundless and brought in bad faith or groundless and brought for the purpose of harassment, it shall impose an appropriate sanction available under Rule 215(2)(b). *See* Tex. R. Civ. P. 13 and 215(2)(b). The trial court possesses authority under Rule 215(2)(b) to "make such orders . . . as are just." *See* Tex. R. Civ. P. 215(2)(b). One sanction available to a trial court under the rule is an award of "reasonable expenses, including attorney fees." Tex. R. Civ. P. 215(2)(b)(8).

The trial court, as trier of fact, heard two versions of the events of August 27. It favored the evidence of Dyab. Material to this discussion, it believed Alsheikh was aware of Dyab's innocence of the alleged robbery but nevertheless filed a petition alleging causes of action predicated on his guilt. In the judgment, the court stated:

> Further, *Plaintiff's Original Petition and Application for Temporary Restraining Order and Permanent Injunction* is a frivolous pleading. The pleading is groundless and brought in bad faith and/or is groundless and

brought for the purpose of harassment. [Alsheikh's] allegations and/or other factual contentions lack evidentiary support. These actions on the party (sic) of [Alsheikh] are sanctionable under Rule 13 of the Texas Rules of Civil Procedure.

(italics in original).

As trier of fact the trial court was the sole judge of the credibility of the witnesses and the weight given their testimony. *City of Keller,* 168 S.W.3d at 819. We will not disturb that determination so long as the evidence falls within the zone of reasonable disagreement. *Id.* at 822. We conclude the trial court did not abuse its discretion in rendering judgment that Alsheikh filed a pleading in violation of Rule 13. We overrule Alsheikh's fifth issue.

Because we find the trial court did not abuse its discretion in imposing a sanction under Rule 13, it is not necessary for us to consider whether the conduct of Alsheikh also violated Chapter 10 and warranted the same sanction.

In his fourth issue, Alsheikh complains that the trial court erred by failing to file findings of fact and conclusions of law despite his timely request and notice of past due findings. Some three weeks after Alsheikh filed his brief with this court a supplemental clerk's record containing signed findings of fact and conclusions of law was filed. It appears the findings were signed by the trial court seven days after Alsheikh filed his brief in this court. Alsheikh does not explain how the absence of findings hindered his presentation in this court nor did he seek abatement for preparation of findings. His issues on appeal challenge the legal and factual sufficiency of evidence supporting Dyab's theories of abuse of process, false imprisonment, and malicious prosecution. He also challenges the sufficiency of evidence supporting the award of mental anguish

14

damages. Because a complete reporter's record is before us, Alsheikh was free to and has challenged the implied finding of at least one essential element of Dyab's theories of recovery and damages. *See Burnett v. Motyka,* 610 S.W.2d 735, 736 (Tex. 1980) (in the absence of findings of fact and conclusions of law it is implied that the trial court made all findings necessary to support its judgment but these implied findings may be challenged on legal and factual sufficiency grounds on appeal the same as jury findings and findings of fact). Even assuming *arguendo* the trial court erred by not filing its findings sooner, the error was harmless since Alsheikh was able to assert legal and factual sufficiency challenges. We overrule Alsheikh's fourth issue.

## Conclusion

We reverse the portions of the trial court's judgment finding Alsheikh committed abuse of process, awarding Dyab mental anguish damages, and awarding Dyab an amount of pre-judgment interest on those damages. We render judgment that Dyab take nothing on his claim for abuse of process and his claim for mental anguish damages. We remand the case to the trial court for calculation of pre-judgment interest consistent with this opinion. In all other respects, we affirm the trial court's judgment.

James T. Campbell
Justice

15